Plaintiff, an Italian citizen, and defendant, a United States citizen, resided in Rome, Italy with their two children, Diego, *606 born in New York on July 18, 2006, and Eva, born in Italy on July 26, 2008. The parties separated in March 2010 and maintained shared custody of the children, having agreed upon this arrangement and without a court order to this effect. On November 14, 2011, defendant left Italy with the children and relocated to New York without plaintiffs knowledge or consent.
Plaintiff filed a petition in Supreme Court, seeking the return of the children to their habitual residence in Italy where they have lived all of their lives. The petition was properly granted since petitioner met his burden of establishing by a preponderance of the evidence that the children had been wrongfully removed from their country of habitual residence (42 USC § 11603 [e] [1] [A]; see Gitter v Gitter, 396 F3d 124, 130-131 [2d Cir 2005]). In opposition, defendant failed to satisfy her burden of establishing by clear and convincing evidence that a grave risk of harm to the children would result by their return to Italy (42 USC § 11603 [e] [2] [A]). Other than the allegations contained in defendant’s affidavit, there is no evidence that plaintiff verbally or physically abused defendant. To the contrary, the evidence establishes that the parties had an amicable relationship prior to defendant’s departure with the children.
We have considered defendant’s remaining contentions and find them unavailing. Concur — Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.